COHEN, J.
Ronda Paulick (“Former Wife”) appeals a- final judgment of dissolution of hbr marriage to Paul Paulick (“Former Husband”). Former Wife argues that the trial court erred in its equitable distribution of the parties’ assets, specifically as to the par *1110 ties’ marital home and Former Husband’s thrift savings plan. Former Wife also appeals the parenting plan fashioned by the court, which made Former Husband the primary caregiver of the parties’ children as well as the denial of alimony and attorney’s fees. We affirm.' However, we remand for further proceedings on the value of the distribution from Former Husband’s thrift savings plan in order to effectuate the parties’ resolution of this issue during the pendency of this appeal.
The trial court found that Former Wife regularly sought to limit Former Husband’s access to their children and made repeated allegations of sexual abuse that were all found to be unsubstantiated by the Department of Children and' Family Services, the Sheriffs Office, various psychologists and therapists, and three different judges. During the course of the case, the trial court repeatedly ordered Former Wife to provide Former Husband time with his children, yet she persistently refused to comply with those orders. Although Former Wife was the primary caregiver of the parties’ two children during the course of the marriage, a role that was initially ratified by the trial court, the court — frustrated with her continued rejection of its orders — finally placed the children primarily with Former Husband.
In contrast, Former Husband has not only complied with the letter of the court’s orders on time-sharing but with the spirit of those orders as well, granting Former Wife additional visitation at her request. The trial court has found this welcome change to be in the children’s best interest as they are now “healthy, happy, and doing well at school, both socially and educationally.” We find competent, -substantial evidence to support this determination. Likewise, we find no abuse of the trial court’s discretion in any of the remaining issues raised.
The parties appear to have attempted to communicate with each other through their briefs. In his answer brief, Former Husband, appearing pro-se, offered to resolve the outstanding issue of the value of the thrift savings plan. In her reply brief, Former Wife accepted his offer. It is not the role of this Court to refashion the final judgment. Therefore, based on the agreement reached by the parties and in the interest of justice, we remand the case to the trial court only to effectuate the parties’ resolution of this issue.
AFFIRMED; REMANDED.
LAWSON, C.J., and SAWAYA, J., concur.